UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

RECEIVED
2021 APR -9 A 11: 24
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Mario Castro-Gonzalez

    Plaintiff,

2:21-CV-278-WHA-KFP

v.

DAVID BREWER; ANDRE MATEVOUSIAN; HUGH HURWITZ; WALTER WOOD; JEFFERY KELLER; ALAN COHEN; RICHARD DUNBAR; DIANE ROGERS; ANTHONY BARNES; STACEY FLEINER; BARRY BRIGGS; KEVIN CALHOUN; ROGER WARREN,

    Defendants,

## INITIAL COMPLAINT UNDER BIVEN'S

## DISCRIMINATION AND CONSTITUTIONAL VIOLATIONS

COMES NOW, Mario Castro (hereinafter "Plaintiff") in pro se capacity, under the liberal construction understood in Haines v. Kerner, 404 U.S. 519 (1972) to file this Initial Complaint under Biven's, Discrimination and Constitutional Violations.

### PROCEDURAL HISTORY

Plaintiff brings this action in response to the Federal Bureau of Prisons and the named Defendant's based on their actions and inactions under the Cares Act and the flagrant abuse of his Constitutional rights and Discriminatory practices. The issues presented to this Court have been provided in prior filings by several similarly situated individuals.

①

The Chronological sequence of events, are well known throughout the country and to this Court. As to the impact of such on the Plaintiff that will be discussed in greater detail in the individual application section of the Defendant's. Covid 19, the identifier for the Coronavirus Pandemic that is still gripping the nation surfaced a year ago. In response to the challenges of dealing with a prison environment the Legislative Branch supported by the Executive branch sought to reduce the prison population through early release to home confinement through the Cares Act.

The Act provided the Bureau of Prisons (hereinafter "BOP) the latitude to send individuals home in excess of the existing law to serve the remainder of their sentence on home confinement. The Plaintiff was denied based on Due Process violations of the Constitution and Discriminatory practices of the Defendant's named during and in relation to their occupations at Federal Prison Camp Montgomery; South Eastern Regional Offices and Central Office.

The Attorney General at the time of the Cares Act William Barr provided a guideline (March 27, 2020; April 3, 2020) for application of the Cares Act and criteria for approval of such. Subsequent to the AG's actions the BOP and the named Defendant's all sought to alter the criteria to the point the conflicting memorandum and actions are still taking place a year later.

This instant petition if filed based on the Due Process Violations and Discriminatory application of the Cares Act and the Guidelines set forth.

## STATEMENT OF FACTS AND ARGUMENT

The afternoon of April 9, 2020 the BOP at FPC Montgomery conducted a town hall meeting where in they informed the population that based on the Cares Act and subsequent directives all individuals present qualified for home confinement and would be placed on such. The directive was to fill out a questionnaire that included your release address and contact information. The Plaintiff did as instructed his family that he would be released and staff reached out and contacted them to arrange his release.

At this point the actions of lesser authorities David Brewer, Hugh Hurowitz and Andre Matevousian all created memorandum alter the criteria even creating conflicting guidance to be applied. The Due Process clause of the United States Constitution provides that every individual even those incarcerated possess rights inherent to the Due Process Clause. Simply put the law has an application and that application is a series of steps or procedures that have to apply to satisfy the goal or focus of the law. In this particular instant the Cares Act empowered the Executive Branch to take action outside the scope of the existing statute to remove as many individuals as possible to reduce the Covid exposure due to lack of social distancing and group dynamics.

Additionally, the Constitution provides under the Fourteenth Amendment a due process and equal protection under the law. The BOP specific to FPC Montgomery and Regional offices selected individuals not based on the criteria established but their own choices and personal preferences. These actions violated the spirit of the law and the protections of the Constitution. The BOP's Arbitrary and Capricious application of the law amounted to not only discrimination but abuses of the Constitution. The following is a brief overview of the individual claims against the BOP staff:

David Brewer: Author of April 16, 2020 memo whereby the criteria was changed and narrowed to eliminate eligibility of individuals for consideration of home confinement, directly conflicting with the AG's memo as far as criteria. The change affected the Plaintiff by now requiring what was simply a priority to eligibility. The fact is that the FPC Montgomery staff started by applying the Cares Act to all but given the freedom and confusion of the events preferential treatment was given to individuals who did not qualify under this new memo. In other words if the Warden, CMC, Unit Manager or staff liked you, you went home. The alteration of the Pattern Score resulted in Discriminatory and Due Process violations.

Andre Matevousian/Hugh Hurowitz: As if the actions of Brewer did not cause enough confusion and discriminatory behavior the two named defendant's both drafted memo's that conflicted not only with the AG's criteria but also Brewer. The fact is that the criteria, was all over the place, one day you qualified the next you didn't. This type of activity is still occurring, individuals are approved to go home then stopped due to a change, people are denied then approved because staff, reach out to adjust what needs to be done to release the person.

Jeffery Keller: As Regional Director, Keller is in the unique position of directly affecting the remedy process, the due process steps that an incarcerated individual has to follow to be allowed to file a complaint with the Court. The accusation is two-fold, the steps taken by Keller to slow walk and deny the BP-10 and the special list put together initially to release almost 70 individuals despite their charges and criminal history.

Walter Wood: Warden during the initial applications, sought and received placement of individuals who did not meet the existing criteria, in other words special people who the Warden appreciated were released. These actions violated the rights of the Plaintiff both by the not allowing for due process to be protected for all and equal protections, discriminatory application to African American inmates over that of Whites and Hispanic.

Alan Cohen: Warden Wood's replacement slipped into a vacuum that Wood had created. Even being well aware of the discriminatory application of the law the arbitrary and capricious application have led to a hostile environment that it's not until the Court's or legislature become involved does the BOP respond to the allegations. Repeated attempts to resolve the matter have met with silence and inactions.

Richard Dunbar: Associate Warden Dunbar was intimately involved with the choice process. His approach to the matter was to be selective to the point that the Plaintiff was present during an protest where the statement concerning why the changes were taking place stated "you didn't believe us" and "I didn't tell you, you were going home" were clearly made. The fact is that plausible deniability was the word of the day, bring me your complaints I will make sure you hear back only it never occurred. The AW promised that my medical would be more than enough to qualify but I was never considered for home confinement while others were.

Diane Rogers: CMC, the gatekeeper for paperwork to be processed was completely irresponsible and disrespectful to everyone. The CMC would tell you that you qualified and then when processed would answer that you did not qualify under some new criteria. Requests for information such as the changes would never be forthcoming and denials were form responses not individual. The fact is staff could reach out to her and the paperwork would then be approved. Clearly, she was the person who controlled the flow of information and dissemination of documentation, neither of which did she do. Directly, she made false statements via email (request to staff) to the Plaintiff that will become relevant to this Courts analysis.

Stacey Fleiner: Unit Manager, was present on April 9, 2020 during the town hall specifically, informed the Plaintiff that he would be going home. The only criteria, was no detainers and being present at the camp.

Barry Briggs: Unit Manager, also present on April 9, 2020 he has interacted with the Plaintiff numerous times after informing the Plaintiff that he would be going home, only to change his story to conform to the latest story being perpetuated.

Kevin Calhoun: Case manager, repeatedly denied assisting the Plaintiff gain information concerning why his pattern score was being used as a denial instead of priority. Refused to assist with the medical information and ultimately did nothing accept help those individuals who again met his standard of relief.

Roger Warren: Counselor, refused to process administrative remedies, intentionally held the BP-8/9 on his desk for over a month denying the Plaintiff's due process rights and with forethought and intent stalled the Constitutionally, protected remedy process.

Anthony Barnes: Receiving and Discharge administrator, by far the most cooperative staff in obtaining documents and truthful statements. During the week of April 9-13 Plaintiff was told directly he would be going home only three individuals would not, detainers. Subsequently, he has assisted with remedies due to incompetence of others and refusal. Contradicts, the Executive staff and co-workers by providing the truth.

PROCEDURAL APPLICATION

The Plaintiff filed multiple administrative remedies addressing the home confinement process and the lack of medical attention. The CDC established criteria for at risk individuals, the Plaintiff has two of the high risk factors, that in of itself qualified many individuals for exceptions for the ever changing criteria. However, this arbitrary and capricious application of the law led to certain individuals receiving special consideration, something that is a violation of the several amendments of the Constitution.

CONCLUSION

The Plaintiff is asking for this Court to appoint a special master to oversee the process, to review the Plaintiff's file and consider his placement request based on the criteria that he originally qualified under. The above will protect his Due Process rights and remove the clear discrimination that has and is taking place. The additional remedy requested is $1000.00 a day for the violations that have occurred and are continuing to be applied to the Plaintiff, the sum total to be calculated from April 9, 2020, additionally, individual financial sanctions for intentional failure to follow the law and the AG's guidance up to another $1000.00 a day.

Ultimately, the Plaintiff simply wants the same treatment and application of law that has been applied to others, without consideration for personal relationship or race.

Respectfully submitted this 6th day of April, 2021

_____
Mario Castro-Gonzalez

Mario Castro-Gonzalez
#64973-065
Federal Prison Camp
1001 Willow St
Montgomery, AL 36112

MONTGOMERY AL 360
7 APR 2021   PM 4   L



U.S District Court for the Middle District of Alabama
One Church Street
Montgomery, AL 36104

36104-401801