IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARIO CASTRO-GONZALEZ,<br>Reg. No. 64973-065,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID BREWER, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 2:21-CV-278-RAH-KFP<br>)               (WO)<br>)<br>)<br>) |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Plaintiff filed this pro se *Bivens* action on April 9, 2021.[1] Doc. 1. On April 13, 2021, the Court entered an order advising Plaintiff that he must immediately inform the Court of any new address and that his failure to do so within ten days following any change of address would result in the dismissal of this action. Doc. 2 at 2. The Court has determined that Plaintiff is no longer at the last address he provided the Court for service, Coleman Low Federal Correctional Institution in Coleman, Florida. The Court's mail sent to Plaintiff at that address in May 2023 (Doc. 28) was returned marked as undeliverable.[2] Accordingly, the Court entered an order on November 28, 2023, requiring that Plaintiff show cause by December 12, 2023, why this case should not be dismissed for his failure to comply with the Court Order that he apprise the Court of any change in his address and his failure to adequately prosecute this action. Doc. 29. The November 28 Order

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).
[2] A search of the inmate database maintained by the Bureau of Prisons (available at http://bop.gov/inmateloc) indicates that Plaintiff is no longer incarcerated by the Bureau of Prisons.

1

specifically advised Plaintiff that this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in dismissal of this case. Doc. 29 at 1–2. Plaintiff has filed no response to the Court's November 28 Order and the time for doing so has expired. The Court therefore concludes that this case should be dismissed.

The Court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, the Court finds that dismissal of this case is the proper course of action. First, the administration of this case cannot properly proceed in Plaintiff's absence. Next, it appears that Plaintiff is no longer interested in the prosecution of this case, as he has failed to comply with orders of the Court. Finally, the Court finds that any additional effort by the Court to secure Plaintiff's compliance would be unavailing and a waste of the Court's scarce judicial resources. Consequently, the undersigned concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (observing that a "district court possesses the

inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of the court and to prosecute this action.

**By January 3, 2024**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 20th day of December, 2023.

       /s/ Kelly Fitzgerald Pate
      KELLY FITZGERALD PATE
      UNITED STATES MAGISTRATE JUDGE